70 F.3d 1252
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Susan HAYES, Plaintiff, Appellee,
v.
STATE of Rhode Island Department of Business Regulation,
Defendant, Appellee.
Maurice A. PARADIS, Defendant, Appellant.
 No. 95-1726.
 United States Court of Appeals, First Circuit.
 Dec. 4, 1995.
 
 Steven E. Snow, Thomas R. Noel and Partridge, Snow & Hahn on brief for appellant.
 Amato A. DeLuca, Miriam Weizenbaum and Mandell, DeLuca & Schwartz, Ltd. on brief for appellee, Susan Hayes.
 Before TORRUELLA, Chief Judge, and SELYA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant Maurice C. Paradis has filed this interlocutory appeal from the district court's denial of his motion for summary judgment on the issue of qualified immunity that would shield him from damages in this sex discrimination suit. Plaintiff-appellee Susan Hayes argues that under Johnson v. Jones, --- U.S. ----, 115 S.Ct. 2151 (1995), this court lacks appellate jurisdiction.
 
 
 2
 Paradis has raised two issues on appeal. The first issue is a purely legal one: whether in 1991, when the challenged conduct occurred, there was a clearly established right under the fourteenth amendment's equal protection clause to be free from sex discrimination in the workplace. Under Johnson, "a district court's pretrial rejection of a proffered qualified immunity defense remains immediately appealable as a collateral order to the extent that it turns on a pure issue of law...." Stella v. Kelley, No. 95-1223, slip op. at 10 (1st Cir. Aug. 23, 1995). Exercising this jurisdiction, we summarily affirm the district court's purely legal determination that, at the time of the challenged conduct, there existed a clearly established right under the fourteenth amendment's equal protection clause to be free from sex discrimination in the workplace. See Lipsett v. University of Puerto Rico, 864 F.2d 881, 884-85 (1st Cir.1988) (holding that sex-based discrimination is actionable under 42 U.S.C. Sec. 1983 as a violation of the equal protection clause).
 
 
 3
 Paradis' second argument on appeal is as follows: even if there was a clearly established constitutional right to be free from sex discrimination in the workplace, "[i]t cannot be said that Paradis' action was objectively unreasonable given the extraordinary circumstances confronting him." Although cloaked as a purely legal issue, this argument is actually fact-based. The objective reasonableness of Paradis' conduct (under clearly established law) will necessarily turn on an issue of fact: whether the conduct was motivated by sex-based animus. See Poe v. Haydon, 853 F.2d 418, 431 (6th Cir.1988), cert. denied, 488 U.S. 1007 (1989). Under Johnson, "a district court's pretrial rejection of a qualified immunity defense is not immediately appealable to the extent that it turns on ... an issue of fact...." Stella, supra, at 6-7. Therefore, we lack jurisdiction to consider the second issue raised by this appeal.
 
 
 4
 Affirmed in part, dismissed in part, and remanded for further proceedings. Costs to appellee.